STATE OF NORTH CAROLINA v. CHARLES SIDNEY LANGLEY

No. 837SC104

(Filed 1 November 1983)

1. **Arson and Other Burnings § 4.1— burning of building used in trade or business—sufficiency of evidence**

    The trial court properly denied defendant's motion to dismiss an indictment for burning a building used in a trade or business even though all of the businesses in a shopping center were temporarily closed after a fire which happened a week before the fire for which defendant was charged since the closing of the doors to the public after a fire does not in and of itself take a business premises outside the operation of G.S. 14-62.

2. **Arson and Other Burnings § 4.1— burning of personal property—sufficiency of evidence**

    The trial court properly denied defendant's motion to dismiss the indictments for burning the personal property of two store owners where the testimony from the owners and the fire investigators indicated that while the first fire, which happened a week before the fire for which defendant was charged, was devastating in its effect on the two businesses, there was, nevertheless, property of value left in both businesses after the first fire, which was still present in those businesses at the time of the second fire.

**3. Arson and Other Burnings § 3; Searches and Seizures § 1— search of fire scene without warrant—evidence properly admitted**

       While firemen are present at a fire and engaged in any continuing activity to bring under or control or extinguish a fire, or prevent reignition, a search for the possible presence of accelerants on the premises may reasonably be conducted without a search warrant and without regard to how or why any accelerants may have been placed or stored on the premises, and the fruits of such a search are admissible in evidence against any person charged with an unlawful burning of or upon the premises.

APPEAL by defendant from *Winberry, J.* Judgment entered 30 August 1982 in NASH County Superior Court. Heard in the Court of Appeals 17 October 1983.

Defendant was charged in five separate indictments for conspiring to burn and burning personal property of others and burning of a building used for trade or business, on 18 January 1982.

At trial the state's evidence tended to show the following events and circumstances. In January, 1982 defendant owned Tape City Shopping Center, which contained four separate businesses located in one building: True West, a western clothing store, owned and operated by defendant; and Tape City, a tape recording store; Brown's Country Lounge, a restaurant and bar; and Wigs-R-Us, a hair piece and wig store, all businesses owned by others. On 11 January 1982, the shopping center was damaged by fire. On 18 January the shopping center was again damaged by fire, resulting in its total destruction. Defendant was convicted of the conspiracy charge, the charge of burning a building used in carrying on a trade or business, burning the personal property of Julius Rose, and burning the personal property of William Addleman.

From judgments and sentences entered on the verdicts, defendant has appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Daniel C. Oakley, for the State.*

*Blackburn and Gammon, by James L. Blackburn, for defendant.*

WELLS, Judge.

[1] In his first assignment of error, defendant contends that the trial court should have granted his motion to dismiss the indict-

ments for burning a building used in a trade or business and for conspiracy, for insufficient evidence. Upon such a motion,

> . . . all of the evidence favorable to the State, whether competent or incompetent, must be considered, such evidence must be deemed true and considered in the light most favorable to the State, discrepancies and contradictions therein are disregarded and the State is entitled to every inference of fact which may be reasonably deduced therefrom.

*State v. Witherspoon,* 293 N.C. 321, 237 S.E. 2d 822 (1977). *See also State v. Cummings,* 301 N.C. 374, 271 S.E. 2d 277 (1980); *State v. Thomas,* 296 N.C. 236, 250 S.E. 2d 204 (1978).

Defendant hinges his argument on the quality of the state's evidence as to the use of the building when it was burned on 18 January, contending that the earlier 11 January fire had rendered the building useless. Without burdening this opinion with a recitation of the evidence in detail, we simply hold that the state's evidence did show that on 18 January 1982, the shopping center still housed businesses which were, in one way or another, still functioning as such. More particularly, we hold that the closing of the doors to the public after a fire does not in and of itself take a business premises outside the operation of the G.S. § 14-62.[1] While all of the businesses in the shopping center were temporarily closed after the 11 January fire, they nevertheless remained as businesses through 18 January and the building in which they were located was "a building . . . used" in carrying on a business on 18 January 1982. This assignment is overruled.

[2] In his next assignment, defendant contends that the trial court should have granted his motion to dismiss the indictments for burning the personal property of Julius Rose and William Addleman.[2] More precisely, defendant argues that all of the personal

---

1. G.S. § 14-62. If any person shall wantonly and willfully set fire to or burn or cause to be burned, or aid, counsel or procure the burning of, any uninhabited house, any church, chapel or meetinghouse, or any stable, coach house, outhouse, warehouse, office, shop, mill, barn or granary, or any building, structure or erection used or intended to be used in carrying on any trade or manufacture, or any branch thereof, whether the same or any of them respectively shall then be in the possession of the offender, or in the possession of any other person, he shall be punished as a Class E felon.

2. G.S. § 14-66. If any person shall wantonly and willfully set fire to or burn, or cause to be burned, or aid, counsel or procure the burning of, any goods, wares,

property located in the tape and wig stores was destroyed in the first fire. The evidence, when viewed in the light most favorable to the state, was otherwise. Testimony from the owner and fire investigators indicated that while the first fire was devastating in its effect on the two businesses, there was, nevertheless, property of value left in both businesses after the first fire, which was still present in those businesses at the time of the second fire. This assignment is overruled.

In another assignment of error, defendant argues that the trial court erred in instructing the jury that the specific intent of defendant to injure or prejudice Rose and Addleman could be inferred from the evidence. The portion of the trial court's instruction, to which defendant objected, was as follows:

> The act of burning the personal property of Julius Rose (William Addleman) . . . would be a specific intent to injure or prejudice Julius Rose (William Addleman). This intent may be inferred from the nature of the act and the manner in which it is done.

Defendant does not argue with the wording of the instruction, but contends there was no evidence to support it. Our disposition of defendant's second assignment of error is also dispositive of this assignment, and this assignment is overruled.

[3] In his next assignment of error, defendant argues that the trial court erred in allowing the products of an illegal search into evidence. Following the fire, Nash County Fire Marshal, Wilford Evans, conducted an investigation into the origin and causes of the fire. Defendant contends that such investigation amounted to a warrantless search and that the fruits of the investigation should have been suppressed. Specific evidence defendant sought to have suppressed was the discovery by firemen of accelerants on the premises. The heart of defendant's argument seems to be that at the time the accelerants were found, the fire was sufficiently under control to remove any exigency of circumstance which might justify or validate a warrantless search. We reject

merchandise or other chattels or personal property of any kind, whether or not the same shall at the time be insured by any person or corporation against loss or damage by fire, with intent to injure or prejudice the insurer, the creditor or the person owning the property, or any other person, whether the property is that of such person or another, he shall be punished as a Class H felon.

this argument, and hold that while firemen are present at a fire and engaged in any continuing activity to bring under or control or extinguish a fire, or prevent reignition, a search for the possible presence of accelerants on the premises may reasonably be conducted without a search warrant and without regard to how or why any accelerants may have been placed or stored on the premises, and that the fruits of such a search are admissible in evidence against any person charged with an unlawful burning of or upon the premises. *See Michigan v. Tyler,* 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed. 2d 486 (1978). *See generally* 3 La Fave, *Search and Seizure* § 10.4 (1978 & 1983 Supp.). This assignment is overruled.

No error.

Chief Judge VAUGHN and Judge JOHNSON concur.